[No. 24659. Department One. November 22, 1933.]

JEROME WOLFE, *Respondent,* v. PHILIPPINE INVESTMENT COMPANY, *Appellant.*[1]

*Clarence R. Anderson* and *J. Kalina,* for appellant.

*Davis, Groff & Moran* and *D. J. K. Zimmerman,* for respondent.

MAIN, J.—This action was based upon an oral contract, and its purpose was to recover for services rendered by the plaintiff to the defendant. The answer was a general denial. The trial was to the court without a jury, and resulted in findings of fact from which it was concluded that the plaintiff was entitled to recover. Judgment was entered against the defendant in the sum of $675, from which it appeals.

[1]Reported in 27 P. (2d) 132.

The facts are these: The appellant, the Philippine Investment Company, is a corporation organized under the laws of this state, with its principal place of business in the city of Seattle, and one Pedro D. Santos was the general manager thereof. The corporation, during the spring of 1931, desired to employ a large number of Filipinos to do "agricultural work" at or near Scappoose, Oregon. To carry out this purpose, the appellant, through its manager, made a contract with one Sanford Wolfe, and agreed to divide with him the net profits of the undertaking.

It was the desire of Santos and Wolfe that the men employed should be covered by accident insurance. For this purpose, a contract was made with Jerome Wolfe to secure the applications of the men employed, for which service he was to get $675. When this contract was made, there were present Santos, Sanford Wolfe and his brother, the respondent. After the contract was made, Jerome Wolfe, in pursuance thereof, took the applications for accident insurance from approximately 325 of the men employed, and policies were thereupon written by the insurance company. Each policy provided for a premium of $1.40 per month and a policy fee of five dollars.

Before the writing of the insurance was entered upon and after the making of the oral contract, Santos obtained a license as an insurance agent, the respondent also having such a license and previously having been engaged in writing insurance. The respondent spent approximately six months taking the applications, and subsequently, when he demanded his money, it was refused, with the result that the present action was brought.

The respondent's theory of the case was that he was to take the applications for the sum of $675; that the appellant was to collect from the laborers the premium

of $1.40 per month and the policy fee in each case of five dollars; and that the policy fee, after it was collected, was to be divided between Santos and Sanford Wolfe. It is admitted by the appellant that the premium was so collected. By the making of the contract with the respondent and thus dividing the policy fees, there would be a substantial benefit to Santos and Sanford Wolfe out of the policy fees collected.

The theory of the appellant was that, due to other considerations which were extended to the respondent, he was to take the applications for the accident insurance and was to waive the policy fee.

The first question is whether the contract, as claimed by the respondent, was, in fact, made. He and his brother unequivocally testified to the making of the contract with the appellant, through its manager, and support is given to their testimony by a number of circumstances, one in particular that Santos took out an insurance agent's license. The only witness called by the appellant was Santos, and his testimony is not convincing and in some particulars is inconsistent. The trial court expressly found that the contract upon which the action was based, and which was supported by the testimony of the respondent and his brother, was, in fact, made, and refused to find that there had been any waiver or rebate to anyone of the insured of the policy fee. After reading and considering the testimony, we are of the opinion that the trial court correctly found the facts.

The appellant further contends that the contract was illegal, in that there was a waiver or rebate of the policy fee, and that this is shown by the evidence offered by the respondent. The appellant only having pleaded in response to the complaint a general denial, the question of whether there was a waiver or rebate must be determined from the evidence offered by the

respondent. Not having affirmatively pleaded the illegality of the contract upon which the action was based, the appellant was not entitled to introduce any evidence upon the matter. *Maitland v. Zanga,* 14 Wash. 92, 44 Pac. 117; *Vittucci Co. v. Canadian Pacific Ry. Co.,* 102 Wash. 686, 174 Pac. 981.

From the evidence offered by the respondent, it cannot be found or inferred that there was any waiver or rebate that went to any one of the policy holders. The evidence clearly shows that the arrangement was that the appellant was to collect from the men employed, or hold out of their wages, the premium and also the policy fee, and that the latter was to be divided between Santos and Sanford Wolfe.

Rem. Rev. Stat., § 7077, which prohibits a licensed insurance agent from making any rebate of the premium to the insured, is not applicable to the facts in this case. The purpose of that statute was to establish uniform insurance rates throughout the state and to maintain a standard of such rates. *Phillips & Co. v. Fishback,* 84 Wash. 124, 146 Pac. 181.

The case of *Moser v. Pantages,* 96 Wash. 65, 164 Pac. 768, in which it was held that a contract providing for a rebate or remission to the insured was void, has no application here, because, as already seen, there was no such rebate or remission contemplated in the contract now before us, and, in fact, none was made.

The judgment will be affirmed.

BEALS, C. J., MITCHELL, STEINERT, and MILLARD, JJ., concur.