[No. 45643. En Banc. May 24, 1979.]

WILLIS E. ALLISON, JR., ET AL, *Respondents*, v. MEDICAB INTERNATIONAL, INC., ET AL, *Petitioners*.

*Culp, Dwyer, Guterson & Grader,* by *John S. Ebel* and *Bradley D. Stam,* for petitioners.

*George, Hull & Porter, P.S.,* by *T. Dennis George* and *Laurie D. Kohli,* for respondents.

DOLLIVER, J.—Plaintiffs entered into a franchise agreement for transportation of the physically handicapped with defendants. The agreement contained the following arbitration clause:

> 17.5 *Arbitration*—Any controversy or dispute arising out of or in connection with this Agreement or its interpretation, performance or termination, which the parties are unable to resolve within a reasonable time after written notice of one party to the other of the existence of . such controversy or dispute may be submitted to arbitration by either party and if so submitted by either party shall be conducted in New York City in accordance with the then existing rules of the American Arbitration Association, and judgment upon any award, which may include an award of damages, may be entered in the highest State or Federal court having jurisdiction. The institution of any arbitration proceeding hereunder shall not relieve Franchisee of its obligation to make payments under Article V, nor shall in any way deprive the Franchisor of its right to obtain injunctive or other equitable relief for the preservation of its rights hereunder.

Plaintiffs brought an action for rescission of the agreement, damages and injunctive relief. They alleged that defendants made fraudulent misrepresentations which induced plaintiffs to enter into the agreement, and that defendants failed to file a franchise registration statement, thus violating the Franchise Investment Protection Act, RCW 19.100. Defendants demanded arbitration in accordance with paragraph 17.5 and moved for dismissal or stay of the proceedings pending arbitration of plaintiffs' claims. Plaintiffs then filed a "Motion for Order Dismissing All Defenses Asserting Defendants' Right to Arbitration", claiming plaintiffs' cause of action was not arbitrable under the state franchise act. The trial court heard these cross motions, granted the plaintiffs' motion for dismissal of arbitration defenses, and denied defendants' motion for a stay of proceedings.

Defendants filed a motion for discretionary review of the trial court's order, which was granted by the Court of Appeals. The Court of Appeals then certified to this court the question of whether an arbitration clause in a franchise agreement is enforceable despite the provisions of the Franchise Investment Protection Act.

Under RCW 19.100, it is unlawful for any franchisor or subfranchisor to sell or offer to sell any franchise in this state unless the offer of the franchise has been registered (RCW 19.100.020) or is exempt from regulation. RCW 19.100.030. RCW 19.100.170 makes it unlawful for any person to make any untrue statement of a material fact in connection with the sale of a franchise. RCW 19.100.190 gives an aggrieved franchisee a right to sue at law or in equity for rescission or other relief, including treble damages.

Plaintiffs contend that, because their cause of action is based upon violations of the act, and because the statute gives jurisdiction of such matters to state courts (RCW 19.100.160), the arbitration clause does not apply. We disagree, reverse the trial court, and hold the arbitration clause does apply in this case.

In all material facts, this case is identical to *Pinkis v. Network Cinema Corp.,* 9 Wn. App. 337, 512 P.2d 751 (1973). In *Pinkis,* the Court of Appeals upheld a similar arbitration clause in a franchise agreement. We believe the reasoning and result in *Pinkis* is sound and applies to this case. As the Court of Appeals found in *Pinkis,* we hold the federal arbitration act, 9 U.S.C. §§ 1–14 (1976), controlling.

Section 2 of the federal arbitration act provides in part that:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a

contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

The act also requires that, when pursuant to an arbitration agreement arbitration of a claim has been demanded, any lawsuit "brought in any of the courts of the United States" involving that claim must be stayed until arbitration has been completed. 9 U.S.C. § 3 (1976).

There appears to be no dispute but that the contract between Allison and Medicab is in interstate commerce. The transaction involved a New York corporation and a Washington resident. Franchise payments were made in New York; supplies were purchased in New York for use in the state of Washington; and performance of the agreement involved considerable interstate travel by both parties to the contract. We are aware that some courts have decided the federal arbitration act does not apply in state courts and does not preempt state law in such courts. *See, e.g., Pullman, Inc. v. Phoenix Steel Corp.,* 304 A.2d 334 (Del. Super. Ct. 1973). The majority rule, however, appears to be that the act does apply and requires a state court to enforce an arbitration clause despite a contrary state law or policy. *See, e.g., Main v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 67 Cal. App. 3d 19, 136 Cal. Rptr. 378 (1977); *REA Express v. Missouri Pac. R.R.,* 447 S.W.2d 721 (Tex. Civ. App. 1969); *West Point–Pepperell, Inc. v. Multi–Line Indus., Inc.,* 231 Ga. 329, 201 S.E.2d 452 (1973); *Fite & Warmath Constr. Co. v. MYS Corp.,* 559 S.W.2d 729 (Ky. 1977).

Plaintiff cites *Wilko v. Swan,* 346 U.S. 427, 98 L. Ed. 168, 74 S. Ct. 182 (1953), where the Supreme Court refused to enforce an arbitration clause when the dispute arose under the federal securities act. However, this case involved two federal acts and not as here the federal arbitration act and a state franchising act. *See* Chisum, *State Regulation of Franchising: The Washington Experience,* 48 Wash. L. Rev. 291, 388 (1973).

Even so, plaintiffs urge the federal arbitration act should not apply because (1) the contract was induced by factual misrepresentations and (2) the defendants failed to register as required by RCW 19.100.020.

The issue of misrepresentation was discussed in *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 18 L. Ed. 2d 1270, 87 S. Ct. 1801 (1967), *and see also Robert Lawrence Co. v. Devonshire Fabrics, Inc.,* 271 F.2d 402 (2d Cir. 1959), and was the precise question raised in *Pinkis v. Network Cinema Corp., supra.* There the court held that the question of fraudulent inducement, unless the arbitration clause itself was fraudulently induced, was properly referable to arbitration under the arbitration clause.

Plaintiffs do not allege the arbitration clause was fraudulently induced. The record indicates that both parties entered into the franchise agreement voluntarily and with advice of independent counsel. Presumably plaintiffs were advised of the implications of an agreement to arbitrate. *See Arbitration Clauses and Fraudulent Inducement,* 42 Wash. L. Rev. 621 (1967). In the words of the Court of Appeals:

> If the federal arbitration act is to be given the required effect, then the claim of fraud inducing entry into the arbitration clause itself must be raised by the plaintiff; and, if not, the aggrieved party submits his grievances (including a claim of fraud inducing entry into the entire contract) to the forum of arbitration rather than to the state or federal courts.

(Citations omitted.) *Pinkis v. Network Cinema Corp., supra* at 346.

As to the failure of defendants to register under RCW 19.100.020, this does not vitiate the arbitration clause. The failure to register does not make the agreement void. *See Fleetham v. Schneekloth,* 52 Wn.2d 176, 324 P.2d 429 (1958). It is simply a controversy "arising out of or in connection with [the] Agreement" and as such becomes

subject to the arbitration agreement enforceable under the federal arbitration act. Franchise agreement, ¶ 17.5.

We hold that the supremacy clause of the federal constitution must prevail and thus the federal arbitration act requires enforcement of the arbitration clause in the franchise agreement despite the judicial remedies afforded by the Franchise Investment Protection Act.

The trial court is reversed; the civil action commenced by plaintiffs is stayed; the arbitration of the issues raised by plaintiffs in their complaint may proceed.

ROSELLINI, WRIGHT, HOROWITZ, and HICKS, JJ., concur.

BRACHTENBACH, J. (concurring)—I concur with the majority since it seems to agree with the majority of the recent cases on the issue. However, I do point out that the holding effectively deprives a Washington resident of the protection and remedies provided by our Franchise Investment Protection Act, RCW 19.100. An easy route to escape RCW 19.100 has been provided.

UTTER, C.J., and STAFFORD, J., concur with BRACHTENBACH, J.

Reconsideration denied August 3, 1979.