**Edward P. HORNE, Plaintiff,**

v.

**NEW ENGLAND PATRIOTS FOOTBALL CLUB, INC., Defendant.**

Civ. A. No. 79–2081.

United States District Court,
D. Massachusetts.

Jan. 23, 1980.

---

Tyler & Reynolds, Boston, Mass., for plaintiff.

Robert G. Flanders, Jr., Providence, R. I., for defendant.

## MEMORANDUM AND ORDER

SKINNER, District Judge.

Plaintiff brought this action on October 18, 1979 for damages, declaratory, and injunctive relief, alleging that the defendant failed to promote him and ultimately discharged him by reason of his age, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* Plaintiff has also included a pendent state law claim for breach of contract in his complaint. Defendant has filed a motion to dismiss and a motion to stay proceedings pending arbitration.

Plaintiff Horne, aged 55, was employed by the defendant New England Patriots Football Club, Inc. ("Patriots") from January 1972 to May 18, 1979 as the Patriots' Director of Public Relations. Plaintiff's terms and conditions of employment were governed, from 1973 through 1978, by a series of one-year employment agreements commencing March 1st at a specified annual salary. The agreements provided in paragraph 12 that the employee would

". . . be legally bound by the Constitution, Bylaws and Rules and Regulations of the National Football League and present and future amendments thereto, as well as by the decisions of the Commissioner thereof . . . ." Section 8.3 of the Constitution and Bylaws for the National Football League provides, in pertinent part:

The Commissioner shall have full, complete, and final jurisdiction and authority to arbitrate:

\* \* \* \* \* \*

(b) Any dispute between any player, coach and/or other employee of any member of the League (or any combination thereof) and any member club or clubs.

In early 1979, the Patriots were involved in a well-publicized dispute with their head coach, Charles Fairbanks, who had decided to accept a position elsewhere. Due to the uncertainty concomitant with a coaching change, the Patriots have alleged that they decided to postpone any new contracts to front office employees whose contracts were due to expire February 28, 1979. According to an affidavit submitted by Patriots' President and owner, William Sullivan, on or about March 15, 1979, Assistant General Manager James Valek, acting pursuant to Sullivan's instructions, advised these employees, including plaintiff, that nothing would be done regarding new 1979–80 contracts at that time, but that if and when any new contracts were offered, any salary adjustments would be retroactive to March 1, 1979. Plaintiff maintains that, on the contrary, he and the Patriots renewed his employment agreement to cover the period of March 1, 1979 to February 28, 1980. In any event, plaintiff continued to work in his previous position.

On or about April 4, 1979, plaintiff requested consideration for promotion to Assistant General Manager. The position was awarded to Horne's former assistant, Patrick Sullivan, aged 26.

On May 18, 1979, General Manager Francis Kilroy advised plaintiff that, due to the Club's dissatisfaction with plaintiff's job performance, he had the option of resigning or being released from his job. The position was subsequently accepted by Thomas Hoffman, aged 26.

On or about August 15, 1979, plaintiff filed a charge of age discrimination and a notice of intention to sue with the Massachusetts Commission Against Discrimination, the United States Secretary of Labor and the Equal Employment Opportunity Commission.

## MOTION TO DISMISS

█ Defendant seeks dismissal of this action on the grounds that plaintiff has failed to allege sufficient facts to establish a prima facie case of age discrimination. Specifically, defendant argues that plaintiff, in alleging "Horne's age was a factor which was wrongfully considered by the Patriots in the decision[s] . . . and this factor made a difference in the decision[s]"[1] to deny promotion and to discharge the plaintiff, did not state that age was the "determinative factor" in the decisions, as required by *Loeb v. Textron, Inc.*, 600 F.2d 1003 (1st Cir. 1979).

█ The defendants in *Loeb* challenged the jury verdict in favor of the plaintiff on the ground of faulty jury instructions, to wit:

If you find by a preponderance of the evidence, that Plaintiff's age was one factor in the decision to demote or discharge him, and, Plaintiff's age made a difference in determining whether he was demoted, or retained or discharged, then you must find for Plaintiff . . . . Plaintiff need not prove that his age was the sole factor affecting the decision to demote or discharge him provided he can show that age contributed to or affected the decision to demote or discharge.

---

1. Plaintiff's original complaint stated that age was a "substantial factor" in the decisions. Plaintiff then filed a first substitute complaint alleging that age "made a difference" in the decision to *discharge* him. This allegation was then repeated in what was clearly a typographical error to replace a paragraph relating to the failure to promote count. In this era of notice pleading, such a simple and obvious mistake should not serve as a basis for dismissal.

The First Circuit held that these instructions were insufficient to convey to the jury the legal standard it should follow, i. e., that age was "a determinative factor." On a motion to dismiss, however, the plaintiff should not be held to such technical distinctions ". . . unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–6, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In the present procedural posture of this case, I hold that plaintiff has stated a claim, even though the precise language of his complaint may be inappropriate for jury instructions.

## MOTION TO STAY

■ Defendant seeks to stay judicial proceedings in favor of an arbitration procedure allegedly agreed upon by the parties. Defendant relies on the Federal Arbitration Act, 9 U.S.C. § 3. That section provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

Although the operation of the Act does not apply to "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce," this exception has been limited to employees involved in the actual movement of goods in interstate commerce. *Erving v. Virginia Squires Basketball Club,* 468 F.2d 1064, 1069 (2d Cir. 1972); *Dickstein v. DuPont,* 443 F.2d 783, 785 (1st Cir. 1971).

■ Defendant argues that while plaintiff was not under a new employment contract, his old contract, with its mandatory arbitration clause, continued in force absent a term specifying duration. Plaintiff maintains a new contract was in force that was breached by the termination of his employment. Ironically, the defendant, to avoid a breach of contract claim, must argue no contract existed but an agreement to arbitrate did. Plaintiff, to succeed on his claim of breach, must argue a contract existed without an arbitration term. Despite all this seeming contradiction, the plaintiff continued to work with the understanding that the old terms and conditions continued to apply.[2] The critical determination, then, is whether the issues raised in this case are issues "referable to arbitration" under the agreement, so as to justify a stay of this proceeding. This initial determination is for the court to decide as a matter of federal law. *Acevedo Maldonado v. PPG Industries, Inc.*, 514 F.2d 614, 616 (1st Cir. 1975).

■ The primary thrust of plaintiff's complaint lies in a claim of discrimination based upon age, in violation of the federal Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* The federal policy against such discrimination demands that the provisions of this act be liberally construed. *Vazquez v. Eastern Air Lines, Inc.*, 579 F.2d 107, 109 (1st Cir. 1978). This policy must be balanced against the countervailing federal policy favoring arbitration of disputes, as embodied in the Arbitration Act.

■ The parties have pointed to *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), in support of their respective positions. In that case, the Supreme Court held that an individual does not forfeit his private cause of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, if he first pursues his grievance to final arbitration under the nondiscrimination clause of a collective bargaining agreement. A putative plaintiff would not be barred by the election of remedy doctrine, for his contractual

---

2. Plaintiff, in his deposition, stated that this was his understanding.

and statutory rights were held to be separate, independent and complementary. Although the court was not faced with the issue of whether exhaustion, rather than election, of remedies could be required, identical considerations apply in the present case to preclude arbitration of the age discrimination claims.

 Arbitration proceedings are chosen by the parties to vindicate private contractual interests by the application of an arbitrator's specialized competence in the law of the shop. This expertise does not extend to the law of the land, for statutory and constitutional issues must be resolved by the courts. In fact, the arbitrator might be exceeding his contractually bound authority to invoke public laws as a basis for his decision. *Alexander v. Gardner-Denver Co.*, 415 U.S. at 53, 94 S.Ct. at 1022. In the present case, the contract does not even contain an anti-discrimination provision upon which to base an arbitrator's authority.

 The Supreme Court in *Gardner-Denver* did not forbid the use of arbitration to settle a discrimination complaint. Where no foundation exists in the contract to deal with such a complaint, however, a plaintiff should not be foreclosed from pursuing his independent statutory cause of action in federal court. To stay a discrimination action pending an arbitration that concerned only collateral or unrelated issues would serve only to delay the ultimate resolution of the controversy.

 When faced with an analogous clash between federal policies favoring both public and private settlement of disputes, the Supreme Court in *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953) did not allow an arbitration agreement to bar a federal cause of action under the Securities and Exchange Act of 1934, 15

U.S.C. § 78a *et seq.* The Court held that the Securities Act was enacted to protect investors, whose rights could not be waived by contract. Similarly here, an employee may not prospectively waive any statutory claim he may have with respect to discrimination claims. *Alexander v. Gardner-Denver*, 415 U.S. at 52, 94 S.Ct. at 1021.

 Although the discrimination claims are not "referable to arbitration" so as to temporarily bar an age discrimination suit, plaintiff's breach of contract claims are precisely the sort amenable to the arbitral process. *Macchiavelli v. Shearson, Hammill & Co., Inc.*, 384 F.Supp. 21, 30 (E.D.Cal.1974). Although pendent jurisdiction would surely exist for these claims, as they arise from a "common nucleus of operative fact" as the discrimination claims, *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); *Rechsteiner v. Madison Fund, Inc.*, 75 F.R.D. 499, 506 (D.Del.1977), the preferable course, in line with the federal policy favoring arbitration, would be to allow the arbitrator to decide those claims over which he has jurisdiction, while this court considers the discrimination claims. This procedure of splitting claims between simultaneous arbitral and judicial fora has been followed by several courts faced with factually and legally independent claims.[3] *See Sam Reisfeld & Son Import Co. v. S. A. Eteco*, 530 F.2d 679, 681 (5th Cir. 1976); *Macchiavelli v. Shearson, Hammill & Co., Inc., supra; Younker Bros., Inc. v. Standard Construction Co.*, 241 F.Supp. 17 (S.D.Iowa 1965). Where the arbitration proceeding cannot dispose of or even deal with the discrimination claims, and where the policy of vindicating an individual's independent statutory right of protection against age discrimination is implicated, I find that a stay of judicial proceedings is improper.[4]

---

[3.] Some courts have gone forward with a judicial determination prior to arbitration where the non-arbitrable claims "permeate" and are inseparable from the arbitrable claims. *See Applied Digital Technology, Inc. v. Continental Casualty Co.*, 576 F.2d 116 (7th Cir. 1978); *Fox v. Merrill Lynch & Co., Inc.*, 453 F.Supp. 561

(S.D.N.Y.1978). The permeation doctrine is not exclusive, however, and presumably courts have discretion to decide or stay claims based upon the circumstances of each case.

[4.] Defendant sought a stay upon the additional ground that conciliation attempts had not been made by the Secretary of Labor, pursuant to

While an application to compel arbitration as to the breach of contract claims is not before me, the parties are free to pursue that avenue, for I shall dismiss those claims from the present action. In addition, as compensatory and punitive damages, including pain and suffering, are not recoverable under the Age Discrimination in Employment Act of 1967, those claims for relief in plaintiff's complaint will be dismissed. *Vazquez v. Eastern Air Lines, supra.*

Accordingly, defendant's motion for a stay pending arbitration and conciliation is DENIED; defendant's motion to dismiss is ALLOWED with respect to Count III and the claims for compensatory and punitive damages, and otherwise DENIED.

§ 7(b) of the Age Discrimination in Employment Act of 1967. This requirement only extends to suits brought by the Secretary, not private litigants.