**D. Vinson MARLEY, Plaintiff,**

**v.**

**DREXEL BURNHAM LAMBERT, INC.,
Stephen A. Middlebrook, and Charles
M. Best, Defendants.**

Civ. A. No. CA–3–79–1279–D.

United States District Court,
N.D. Texas,
Dallas Division.

July 7, 1983.

Charles F. Guittard, Dallas, Tex., for plaintiff.

Edward S. Koppman, Dallas, Tex., for defendants.

ORDER

ROBERT M. HILL, District Judge.

This matter comes before the Court upon the application of Drexel Burnham Lambert, Inc., Stephen A. Middlebrook, and Charles M. Best, defendants herein, to confirm an arbitration award, pursuant to 9 U.S.C. § 9. In addition, plaintiff D. Vinson Marley (Marley) has filed a post-arbitration motion asking this Court to amend its Order of February 16, 1982, which directed Marley to submit all of his claims, including his claims under the Texas Deceptive Trade Practices Act (DTPA), to arbitration. The legal question presented in these matters is whether the federal Arbitration Act preempts a non-waiver provision in the state DTPA, so as to permit the claims under the state Act to be submitted to arbitration. This Court has concluded, for the reasons set forth below, that the federal Arbitration Act does preempt the non-waiver provision of the state DTPA. Accordingly, Marley's motion to amend order is denied, and the defendants' application to confirm arbitration award is granted.

This action was brought in 1979 by Marley in regard to an agreement he entered into with the defendants for the purchase and sale of commodities futures contracts. Both Marley and two of the three defendants are residents of Texas. Federal question jurisdiction was asserted on the basis of alleged violations of the Commodity Exchange Act, 7 U.S.C. § 1 *et seq.* Marley also asserted that this Court should exercise pendent jurisdiction over his state law claim under the DTPA, Tex.Bus. & Com.Code § 17.41 *et seq.* (Vernon's 1982).

In April 1981 Marley filed a similar action in state court against the same defendants and upon the same set of facts, but there he raised only his deceptive trade practices claim. The action was styled "Marley v. Drexel Burnham Lambert, Inc. et al.," cause No. 81–4152–E.

The agreement upon which this action was based contains an arbitration clause, and on the basis of that clause the defendants filed a motion for stay of proceedings pending arbitration. This Court granted the defendants' motion and directed that all of Marley's claims be arbitrated in an Order filed February 16, 1982. In that Order the Court noted that the presiding judge in the related state court action had also stayed its proceeding pending the outcome of the arbitration. To avoid duplicate proceedings, this Court directed that the arbitration of the claims in the case at bar should be consolidated with the arbitration of the claims in the state court proceeding. In a Supplemental Order filed March 2, 1982, this Court directed that such arbitration be conducted in accordance with the rules of the Board of Arbitration of the New York Stock Exchange.

Soon thereafter Marley initiated an arbitration proceeding before the New York Stock Exchange. All claims in this action were arbitrated, and a decision was rendered in that proceeding on December 16, 1982, whereby all claims of Marley were dismissed. Costs of the arbitration were taxed against Marley. Pursuant to 9 U.S.C. § 9, defendants now seek an order of this Court confirming the arbitration award.

Marley contends that the award is ineffective as to his state law claims under the DTPA. Section 17.42 of the DTPA provides, in pertinent part, that "[a]ny waiver by a consumer of the provisions of this subchapter is contrary to public policy and is unenforceable and void." Tex.Bus. & Com.Code, § 17.42. Section 2 of the federal Arbitration Act provides that, "[a] written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The question before the Court, then, is whether section 2 of the federal Arbitration Act preempts section 17.42 of the Texas DTPA, insofar as it would render Marley's DTPA claims properly subject to arbitration.

■ Acts of a state which interfere with, or are contrary to the laws of Congress, are invalid under the Supremacy Clause of the Constitution. *Tenneco, Inc. v. Sutton,* 530 F.Supp. 411, 433 (M.D.La.1981). "In determining whether a state statute is in conflict with a federal statute and thus invalid under the Supremacy Clause, the Court must first ascertain the construction of the two statutes." *Id., citing Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971). Where a conflict exists, the court must decide whether Congress' purpose was to regulate the area in question in a manner that would preempt the state legislation. *See Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947). As the Supreme Court has explained,

> Such a purpose may be evidenced in several ways. The scheme of federal regulation may be so pervasive as to make reasonable the inference that Congress left no room for states to supplement it .... Or the Act of Congress may touch a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject .... Likewise, the object sought to be obtained by the federal law and the character of obligations imposed by it may reveal the same purpose.... Or the state policy may produce a result inconsistent with the objective of the federal statute.

*Id.* (citations omitted).

■ The federal courts have recognized a strong federal policy in favor of voluntary commercial arbitration, as embodied in the federal Arbitration Act. *Revere Copper & Brass Inc. v. Overseas Private Investment Corp.,* 628 F.2d 81, 83 (D.C.Cir.1980). The goal of Congress was to establish arbitra-

tion as a desirable alternative to the complications of litigation. *Wilko v. Swan,* 346 U.S. 427, 431, 74 S.Ct. 182, 184, 98 L.Ed. 168 (1953). Congress intended the Act to apply to controversies based on statutes, common law, or otherwise. *See id.* at 432, 74 S.Ct. at 185.

█ It is clear that the federal Arbitration Act directly conflicts with the non-waiver provision of the Texas DTPA to the extent that that provision would apply to arbitration clauses in agreements involving interstate commerce. Under the federal Arbitration Act the arbitration clause of the agreement in question would be enforced as to Marley's DTPA claims; under section 17.42 of the DTPA, the clause would not be enforced. Since an application of the state policy would "produce a result inconsistent with the objective of the federal statute," 331 U.S. at 230, 67 S.Ct. at 1152, this Court is of the opinion that the federal Arbitration Act preempts the non-waiver provision of the DTPA. *Cf. Barron v. Tastee Freez International, Inc.,* 482 F.Supp. 1213, 1217 (E.D.Wis.1980) (Arbitration Act held to preempt non-waiver provision in Wisconsin Investment Act); *Bache Halsey Stuart Shields, Inc. v. Moebius,* 531 F.Supp. 75, 77 (E.D.Wis.1982) (Arbitration Act held to preempt state law invalidating arbitration clauses in employer-employee contracts).[1]

Accordingly, this Court concludes that Marley's motion to amend the Court's prior arbitration order should be denied, and further concludes that defendants' application to confirm the arbitration award should be granted. Pursuant to that award, Marley should take nothing, and should pay the costs of the arbitration before the New York Stock Exchange.

It is so ORDERED.

---

1. Marley's reliance upon *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), in which the Supreme Court held that a non-waiver clause in the Securities Act of 1933 overrode application of the Arbitration Act, is ill-founded here because that case involved a conflict between two federal statutes, rather than a conflict between a state and a federal statute.