[No. 49224–7.   En Banc.   May 17, 1984.]

H. E. GARMO, ET AL, *Petitioners,* v. DEAN, WITTER, REYNOLDS, INC., ET AL, *Respondents.*

586

*Turner, Stoeve, Gagliardi & Goss,* by *Ernest D. Greco,* for petitioners.

*Reed & Giesa, P.S.,* by *John P. Giesa* and *Thomas A. Wolf,* for respondents.

*Kenneth O. Eikenberry, Attorney General, John R. Ellis, Deputy,* and *Jon P. Ferguson* and *Betsy R. Hollingsworth,* amici curiae.

DORE, J.—Are claims under the Consumer Protection Act, RCW 19.86, and The Securities Act of Washington, RCW 21.20, referable to arbitration under an arbitration clause contained in an executed brokerage agreement? We hold that the federal arbitration act, 9 U.S.C. § 2 (1982), as construed by the United States Supreme Court in *Southland Corp. v. Keating,* __ U.S. __, 79 L. Ed. 2d 1, 104 S. Ct. 852 (1984), mandates that all claims, either statutory or nonstatutory, arising under a written brokerage agreement, be settled by arbitration in accordance with the terms of the brokerage agreement.

## FACTS

Customers of a securities broker brought an action against him alleging, in addition to various common law causes of action involving torts, contract and fiduciary duties, violations of the consumer protection and the securities acts. Customers Garmos and Patterson, two of the

claimants, had earlier signed customer's agreements which contained the following arbitration clause.

> Any controversy between you and the undersigned arising out of or relating to this contract or the breach thereof, shall be settled by arbitration, in accordance with the rules, then obtaining, of either the Arbitration Committee of the Chamber of Commerce of the State of New York, or the American Arbitration Association, or the Board of Arbitration of the New York Stock Exchange, as the undersigned may elect. If the undersigned does not make such election by registered mail addressed to you at your main office within five (5) days after receipt of notification from you requesting such election, then the undersigned authorizes you to make such election in behalf of the undersigned. Any arbitration hereunder shall be before at least three arbitrators and the award of the arbitrators, or of a majority of them, shall be final, and judgment upon the award rendered may be entered in any court, state or federal, having jurisdiction.

Clerk's Papers, at 00036B. Customers Marks and Sunset Sales, Inc., also claimants, did not execute customer's agreements. In response to this suit, the broker attempted to invoke the above arbitration clause by moving the court for a stay of proceedings pending arbitration of the entire dispute. The trial court ruled that the customers' nonstatutory claims were subject to arbitration under the customer's agreements, but that the claims for violation of the consumer protection and securities acts were subject to judicial determination. The court then stayed the action as to the statutory claims pending arbitration of the nonstatutory claims.[1]

---

[1]The trial court undoubtedly felt itself bound to follow *Wineland v. Marketex Int'l, Inc.,* 28 Wn. App. 830, 627 P.2d 967 (1981). In that case, Division One of the Court of Appeals held squarely that an arbitration clause in an agreement cannot require arbitration of a Consumer Protection Act claim. The problem with *Wineland,* however, is that it is exceedingly difficult to reconcile with this court's earlier decision in *Allison v. Medicab Int'l, Inc.,* 92 Wn.2d 199, 597 P.2d 380 (1979). *Allison* dealt with arbitration of a claim under the Franchise Investment Protection Act, RCW 19.100. *Allison* held that "the supremacy clause of the federal constitution must prevail and thus the federal arbitration act requires enforce-

Both parties appealed. The customers assert error in referring the dispute to arbitration, and granting a stay. The broker argues that the entire dispute, including the statutory claims, should be arbitrated. The broker concedes that the trial court's grant of stay is incorrect as to those customers who did not sign customer's agreements. We agree.

## DECISION

Section 2 of the federal arbitration act declares that a written agreement to arbitrate "in any maritime transaction or a contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (1982). The United States Supreme Court addressed the substantive nature of this provision in *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 74 L. Ed. 2d 765, 103 S. Ct. 927 (1983), wherein the Court held:

> Section 2 is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary. The effect of the section is to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act.

More recently, the United States Supreme Court in *Southland Corp.* addressed the question of arbitrability of claims brought under the California Franchise Investment Law. The California statute contains an antiwaiver provision similar to that found in The Securities Act of Washington. *See* RCW 21.20.430(5). The California Supreme

---

ment of the arbitration clause in the franchise agreement despite the judicial remedies afforded by the Franchise Investment Protection Act." *Allison,* at 204. *Accord, Pinkis v. Network Cinema Corp.,* 9 Wn. App. 337, 512 P.2d 751 (1973). The customers and the *Wineland* court attempt to distinguish *Allison* on the grounds that the federal courts have created an antitrust exception to the federal arbitration act based upon public interest factors. This court in *Allison,* however, rejected the contention that a similar federal securities act exception to arbitration should apply to state franchising act claims.

Court interpreted their statute to require judicial consideration of claims brought under the state statute and, accordingly, refused to enforce the parties' contract to arbitrate such claims. The California court reasoned that judicial enforcement was not preempted by the federal arbitration act where Congress had not preempted the field of franchise investor regulation, and the exception to arbitration was in accordance with policies compatible with the pattern of federal exceptions. *Keating v. Superior Court*, 31 Cal. 3d 584, 645 P.2d 1192, 1202–04, 183 Cal. Rptr. 360, 370–72 (1982).

The United States Supreme Court reversed *Keating*, holding that the California Franchise Investment Law conflicted directly with section 2 of the federal arbitration act and violated the supremacy clause. *Southland Corp.*, 104 S. Ct. at 858. The Court discerned only two limitations on the enforceability of arbitration provisions governed by the federal arbitration act. First, the arbitration provisions must be part of a contract evidencing a transaction involving commerce. Second, such clauses are revocable upon grounds as exist at law or in equity for the revocation of any contract. *Southland Corp.*, 104 S. Ct. at 858. *Accord, Allison v. Medicab Int'l, Inc.*, 92 Wn.2d 199, 202–03, 597 P.2d 380 (1979).

The Court held that nothing in the federal law indicated that the broad principle of enforcement of arbitrability is subject to any additional limitations under state law. *Southland Corp.*, 104 S. Ct. at 858. The Court further rejected any analogy to the federal securities act exception to arbitration.

> The California Supreme Court justified its holding by reference to our conclusion in *Wilko* v. *Swan*, 346 U. S. 427 (1953), that arbitration agreements are nonbinding as to claims arising under the federal Securities Act of 1933. 31 Cal. 3d at 602, 645 P.2d at 1202–1203. The analogy is unpersuasive. The question in *Wilko* was not whether a state legislature could create an exception to § 2 of the Arbitration Act, but rather whether Congress, in subse-

quently enacting the Securities Act, had in fact created such an exception. *Southland Corp.*, 104 S. Ct. at 861 n.11. The Court concluded that, in creating a substantive rule applicable in state as well as federal courts, Congress intended to foreclose state legislative attempts to undercut the enforceability of arbitration agreements. *Southland Corp.*, 104 S. Ct. at 861.

The United States Supreme Court's analysis in *Southland Corp.* is equally applicable in the context of Washington's consumer protection and securities acts.[2]

## CONCLUSION

We hold that the supremacy clause of the federal constitution prevails and, thus, the federal arbitration law requires enforcement of arbitration clauses in brokerage agreements.[3]

The trial court ruling and stay order are vacated. As to customers Garmos and Patterson, *all* claims, statutory and nonstatutory, shall be remanded for arbitration in accordance with the provisions of the brokerage agreement. Customers Marks and Sunset Sales, Inc., who did not sign brokerage agreements with the broker, shall proceed to trial on all issues of dispute.

WILLIAMS, C.J., ROSELLINI, UTTER, BRACHTENBACH, DIMMICK, and PEARSON, JJ., and MORGAN, J. Pro Tem., concur.

DOLLIVER, J. (concurring specially)—I concur with the result and with the reasoning of the majority. Nevertheless,

---

[2]Federal preemption of judicial resolution of consumer protection and securities claims is aptly demonstrated in two federal court decisions. In *Kroog v. Mait*, 712 F.2d 1148 (7th Cir. 1983), the court held that judicial enforcement of the Wisconsin Uniform Securities Law was preempted by the federal arbitration act. In *Marley v. Drexel Burnham Lambert, Inc.*, 566 F. Supp. 333 (N.D. Tex. 1983), the court held that the federal arbitration act preempted nonwaiver provisions in the Texas Deceptive Trade Practices Act.

[3]*Wineland v. Marketex Int'l, Inc.*, 28 Wn. App. 830, 627 P.2d 967 (1981) is overruled to the extent inconsistent with this opinion.

I write this concurrence to indicate I believe the arbitration clause in the brokerage agreements would have been enforceable under state law even without the federal pre-emption under *Southland Corp. v. Keating,* __ U.S. __, 79 L. Ed. 2d 1, 104 S. Ct. 852 (1984).