[No. 11051.    Department One.    July 15, 1913.]

E. W. WAY, *Appellant*, v. PACIFIC LUMBER AND TIMBER COMPANY, *Respondent*.[1]

INSURANCE—REBATING — CONTRACTS—VALIDITY—STATUTES—VIOLATION—EFFECT ON CONTRACT. A contract for insurance at a reduced rate, in violation of § 33 of the insurance code (Laws 1911, p. 195) prescribing penalties for so doing, is not void, in the absence of any provision in the statute so declaring; hence there is no implied contract on the part of the insured to pay the balance of the lawful premium.

Appeal from a judgment of the superior court for King county, Myers, J., entered October 28, 1912, upon the verdict of a jury rendered in favor of the defendant, in an action on implied contract. Affirmed.

*Marion A. Butler* and *R. H. Lindsay*, for appellant.

*Douglas, Lane & Douglas*, for respondent.

CHADWICK, J.—Plaintiff and H. M. Gould were copartners, doing an insurance business in the city of Seattle. Certain policies of insurance were written by the firm in favor of the defendant Pacific Lumber and Timber Company, a corporation, at a rate less than what may be called the "board" or "compact" rate. The policies were paid for at the reduced rate. Some time subsequent to the time of the issuance of the policies, the copartnership was dissolved, Gould retiring, and

[1]Reported in 133 Pac. 595.

plaintiff has brought this action to recover the difference between the board rate, or what he insists the rate should have been, and the amount paid. The court found that Way had no knowledge of the transactions leading up to the issuance of the policies, but that the partnership was nevertheless bound by the act of Gould, and that he could not recover.

It is the theory of the plaintiff, that the contract made by Gould for the firm was illegal and void under the insurance code, Laws 1911, ch. 49, p. 195, § 33 of which makes the selling of insurance at less than the scheduled rate unlawful; that the unlawful agreement of one partner without the knowledge or consent of the other is not binding upon the firm, and that he, as the successor of the firm and as assignee of Gould's interest therein, is entitled to recover.

We are invited by defendant to discuss the constitutionality of the act of 1911 in so far as it gives to insurance companies and other outside agencies the right to fix rates that are binding upon the state and its citizens, but we think it unnecessary to go into this phase of the case; for, as we view it, plaintiff cannot recover upon general grounds. The contract was made and executed. Plaintiff can only recover upon a contract, express or implied. That he cannot recover upon an express contract goes without saying, for the amount agreed to be paid for the policies has been paid. There is no implied contract unless it is in virtue of § 33 of the insurance code. This section is designed to prevent rebating. It penalizes a company, agent, solicitor, or broker by revoking its or his license, and the property owner by reducing the insurance in such proportion as the amount of the rebate bears to the total premium, and by making him liable to pay a fine "of not more than two hundred dollars."

Plaintiff's error lies in the assumption that the contract between the copartnership and the defendant was void, whereas the rule is that a contract which violates a statutory regulation of business is not void unless made so by the terms of the act.

"It is a general proposition, sustained by the weight of authority, that where a statute imposes a penalty for failure to comply with statutory requirements, the penalty so fixed is exclusive of any other." *La France Fire Engine Co. v. Mt. Vernon*, 9 Wash. 142, 37 Pac. 287, 38 Pac. 80, 43 Am. St. 827.

See, also, *Horrell v. California, Oregon & Washington Homebuilders' Ass'n*, 40 Wash. 531, 82 Pac. 889.    The statute strikes no blow at the business of insurance, neither does it assume to void contracts.   Its purpose is to regulate, not to prohibit.

"When a statute is . . . a regulation of a traffic or business, and not to prohibit it altogether, whether a contract which violates the statute shall be treated as wholly void will depend on the intention expressed in the particular statute. Unless the contrary intention is manifest the contract will be valid."   Sutherland, Statutory Construction, § 336.

The distinction between a valid contract but one subjecting the contracting parties to penalties and one made in contravention of a positive statute, or one declaring a public policy, will be illustrated by comparing the cases we have just cited with the case of *Carstens Packing Co. v. Southern Pac. R. Co.*, 58 Wash. 239, 108 Pac. 613, 27 L. R. A. (N. S.) 975.

It follows, there being no contract or promise made by the defendant to pay a greater sum than has been paid, and none implied by statute, that the judgment should be affirmed.

GOSE, PARKER, and MOUNT, JJ., concur.