[No. 11514.  Department One.  June 25, 1914.]

L. M. LANE, *Respondent*, v. H. C. HENRY, *Appellant*.[1]

CONTRACTS—VALIDITY—EFFECT OF VIOLATION OF STATUTE—PLEDGES. A contract of pledge, providing for a violation of Rem. & Bal. Code, §§ 2481-2483, providing that pawnbrokers shall keep a record of each loan and report the same to the police, does not render the contract void; since the statute was a regulation of business and did not provide that a contract violating its provisions should be void.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered March 22, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action of replevin.  Affirmed.

*G. E. de Steiguer*, for appellant

*F. J. Carver* and *John Slattery*, for respondent.

MAIN, J.—The purpose of this action, as stated in the complaint, was to recover specific personal property, and in the alternative damages.

The facts, so far as necessary to here set them forth, are in substance as follows:  On or about the 6th day of September, 1911, the respondent, being then the owner of a diamond ring, sought to pledge the same to one Oscar E. Jensen for a loan.  Jensen not being able to make the loan himself, stated to the respondent that he would secure the money for him.  Thereupon the ring was taken by Jensen and application made to one Travis, manager of the Provident Pledge

[1] Reported in 141 Pac. 365.

Society, and the ring was pledged as security for a loan in the sum of $150. Jensen testified that he arranged with Travis that neither his nor Lane's name should appear in the transaction, but that the pledge should be carried on the books under the name of Ole E. Johnson, a fictitious person, and should not be reported to the chief of police as required by law. The respondent had no part in the arrangement between Travis and Jensen; but when the money obtained upon the diamond was turned over by Jensen to the respondent, there accompanied it a slip showing that the pledge was in the name of Ole E. Johnson. The appellant was the owner of the Provident Pledge Society, but there is no evidence that he had any knowledge whatever of the transaction. The loan not being paid when due, the diamond was subsequently sold. Jensen claims that this was in violation of an agreement for an extension of time made with Travis. This is denied by Travis.

The disputed questions of fact, as well as the value of the ring, were submitted to the jury. A verdict was returned in favor of the plaintiff. Motions for judgment notwithstanding the verdict, and in the alternative for a new trial, were interposed by the defendant and overruled by the court. Judgment was entered in favor of the respondent in the sum of $344. The defendant appeals.

The principal contention of the appellant is that the contract is void because of the agreement entered into between Jensen and Travis at the time the pledge was made that the transaction should not be recorded and reported to the chief of police as required by the Laws of 1909, p. 959, §§ 229-231 (Rem. & Bal. Code, §§ 2481-2483). By this statute, it is made the duty of every pawnbroker and second-hand dealer to maintain in his place of business a book or other permanent record in which shall be recorded each loan, purchase, or sale, and the name and address of the persons with whom the transaction is had, together with other data. For failure to obey the mandate of the statute, a penalty is imposed. By

the terms of the act, however, it does not appear that the contract should be void if the pawnbroker fail to perform the statutory duty. The purpose of this statute was to regulate the business of pawnbrokers and second-hand dealers. Assuming that the acts of Jensen in agreeing with Travis that the law should not be complied with were chargeable to the respondent, does it follow that the contract was void? The rule is, that where a contract violates a statutory regulation of business, it does not thereby become void unless made so by the terms of the act. Sutherland, Statutory Construction, §.336; *Hughes v. Snell*, 28 Okl. 828, 115 Pac. 1105, Ann. Cas. 1912 D. 374, 34 L. R. A. (N. S.) 1133; *Way v. Pacific Lumber & Timber Co.*, 74 Wash. 332, 133 Pac. 595; *Ferguson-Hendrix Co. v. Fidelity & Deposit Co.*, 79 Wash. 528, 140 Pac. 700. In the *Way* case, it was said, speaking upon this question:

"Plaintiff's error lies in the assumption that the contract between the copartnership and the defendant was void, whereas the rule is that a contract which violates a statutory regulation of business is not void unless made so by the terms of the act."

Error is also sought to be predicated upon certain instructions to the jury and the refusal of the trial court to give requested instructions. But we find no prejudicial error in this regard. The instructions given stated the law of the case, and this is all that is required.

The judgment will be affirmed.

CROW, C. J., ELLIS, CHADWICK, and GOSE, JJ., concur.