[No. 34493. Department One. April 17, 1958.]

HAROLD J. FLEETHAM, *Respondent,* v. WILLIAM M. SCHNEEKLOTH *et al., Appellants.*[1]

[1]Reported in 324 P. (2d) 429.

*Elvidge, Watt, Veblen & Tewell* and *Frederick Barker,* for appellants.

*Ostrander & Van Eaton,* for respondent.

OTT, J.—June 15, 1954, William M. Schneekloth and Annetta G. Schneekloth, his wife, executed and delivered to Harold J. Fleetham, a real-estate broker, the following listing agreement:

"In consideration of services rendered and to be rendered by you in connection with the sale of the following described real estate, situated in King County, Washington, to-wit: SE ¼ of SE ¼, Sect. 6 Twp 24 N Range 6 E.W.M. ALSO Tract 1 of Viewpoint Park I grant you the sole right to show said property and to sell the same for a period of 10 yrs . . .

"The sale price is $ agreed upon, terms as follows: agreed upon and I agree to pay you a commission of 10% on the price at which the property is sold. Should a sale of the property be made within thirty days after the termination of this Authority to Sell Real Estate, or any extension hereof, to a person to whom you have shown the property

or with whom you have negotiated in connection with the sale of the property, I agree to pay you in said event a commission equal to 10% of the said sale price."

April 1, 1955, Harold Fleetham obtained an offer from the Cougar Corporation to purchase the property for twenty-eight thousand dollars. This offer was rejected by the Schneekloths.

May 7, 1955, through another broker, the Cougar Corporation purchased from the Schneekloths, for thirty thousand dollars, the property described in the listing agreement and a right to use an undivided one-half interest in certain lake-shore property, which was separated from the tracts described in the listing agreement by a railroad right of way two hundred feet wide.

Fleetham commenced this action to collect ten per cent of the sales price from the Schneekloths, alleging that he was entitled to the brokerage commission in accordance with the terms of the exclusive listing agreement. Defendants' answer denied liability under the contract and alleged affirmative defenses.

The cause was tried to the court, and, from a judgment in favor of the plaintiff in the sum of three thousand dollars, plus interest, the defendants have appealed.

Appellants contend that the exclusive listing agreement of June 15, 1954, is void, in that it did not comply with the requirements of the statute of frauds (RCW 19.36.010 [cf. Rem. Rev. Stat., § 5825]) because all of the property which the parties intended to sell was not described therein. Appellants' evidence in support of this contention was that the beach property and the property described in the listing agreement were purchased as a unit by the Schneekloths, and that they planned to subdivide the tract for home sites with beach privileges, which plans were abandoned subsequent to the execution of the listing agreement.

The listing agreement in the instant case is complete and unambiguous. It accurately describes property which the appellants owned. This court has adhered to the rule that, where there is no ambiguity, all conversa-

tions, contemporaneous negotiations, and parol agreements between the parties prior to a written agreement are merged therein. In the absence of accident, fraud, or mistake, parol evidence is not admissible for the purpose of contradicting, subtracting from, adding to, or varying the terms of such written instruments. *Truck-Trailer Equipment Co. v. S. Birch & Sons Constr. Co.*, 38 Wn. (2d) 583, 231 P. (2d) 304 (1951); *Simons v. Stokely Foods, Inc.*, 35 Wn. (2d) 920, 216 P. (2d) 215 (1950); *Buyken v. Ertner*, 33 Wn. (2d) 334, 205 P. (2d) 628 (1949).

■ The parol evidence rule is not a rule of evidence, but one of substantive law. Even though evidence which falls within the inhibition of the rule is admitted without objection, it is not competent and cannot be considered as having probative value. *St. Paul & Tacoma Lbr. Co. v. Fox*, 26 Wn. (2d) 109, 173 P. (2d) 194 (1946), and cases cited.

■ Appellants do not contend on this appeal that the failure to include the lake-shore property in the agreement was the result of accident, fraud or mutual mistake. Applying the rules above stated to the instant case, appellants' contention that the agreement did not express the intent of the parties was not established; nor is the description of the property in the listing agreement deficient, under the statute of frauds.

Does the fact that the ultimate sale included more property than that described in the listing agreement preclude the respondent from a commission?

■ In *Miller v. Brown*, 115 Wash. 177, 196 Pac. 573 (1921), this court held that, where more land than was described in the listing agreement was included in the ultimate sale, the broker was entitled to a commission based upon a proration of the entire sales price. We adhere to the rule expressed in the cited case, and conclude that the respondent is entitled to a commission based upon the value of the property described in the listing agreement and included in the sale.

■ Where, as here, a real-estate broker has an exclusive listing and has established that the property de-

scribed in the listing agreement has been sold, a *prima facie* case is established for a commission upon the entire sales price. It thereupon becomes a matter of defense to establish the value of any additional property included in the sale, in order that the commission may be prorated.

The record reveals that there was no evidence of any specific valuation for the beach property, upon which the trial court could base a finding. The general statements in regard to the value of the beach rights are conflicting. We conclude that the evidence does not preponderate against the finding of the trial court that the property had "small value, if any."

Appellants next contend that the respondent failed to deliver to them a copy of the listing agreement, and that failure to comply with the statute in that regard renders the agreement void.

RCW 18.85.310 provides in part:

". . . Every real estate broker shall also deliver or cause to be delivered to all parties signing the same, at the time of signing, conformed copies of all earnest money receipts, listing agreements and all other like or similar instruments signed by the parties, including the closing statement. . . .

"Any violation by a real estate broker of any of the provisions of this section . . . shall be grounds for revocation of the licenses issued to the broker."

RCW 18.85.340 provides:

"Any person acting as a real estate broker, associate real estate broker, or real estate salesman, without a license, or violating any of the provisions of this chapter, shall be guilty of a gross misdemeanor."

We held, in *Way v. Pacific Lbr. & Timber Co.,* 74 Wash. 332, 133 Pac. 595 (1913), that "a contract which violates a statutory regulation of business is not void unless made so by the terms of the act." Accord, *Yakima Lodge No. 53, Knights of Pythias v. Schneider,* 173 Wash. 639, 24 P. (2d) 103 (1933); *Lane v. Henry,* 80 Wash. 172, 141 Pac. 365 (1914).

 In the instant case, the statute in question does not purport to declare public policy; nor does it expressly provide that the broker's failure to comply therewith shall render his brokerage contracts void. Applying the rule announced in the *Way* case, *supra,* we conclude that the listing agreement was not void because of respondent's failure to deliver a copy thereof to the appellants.

We find no merit in this or in appellants' remaining assignment of error.

The judgment is affirmed.

HILL, C. J., FINLEY, FOSTER, and HUNTER, JJ., concur.