JjNORRIS, Judge.
Sam Fullilove Associates, Inc. (“Fullilove”) appeals a trial court judgment rejecting its demand for a 10 percent commission arising from the sale of Charles Day’s property, which included five acres with a camp house specifically listed in the parties’ exclusive right to sell agreement. For the following reasons, we reverse and render.

Facts

Charles Day owned 30 acres of land with a camp house located adjacent to Lake Bisti-neau in Bossier Parish. In the early part of 1990, Day felt it necessary, for personal reasons, to sell his property. Because of the relationship existing between Day and his neighbors, Jerry Googe and Sam Gregorio, he initially offered them the first right to buy the property. Day also assured Googe and Gregorio that he would not sell to anyone of whom they did not approve. At this point, neither was interested in purchasing the property; however, • Gregorio promised Day that he would contact several people he thought might be interested. Day subsequently advertised the property himself in the Shreveport Times.
Lloyd Wenk, a licensed realtor for Fulli-love, read the ad and contacted Day about listing the property. At first, Day refused. However, about a week later, Day decided to list the property and arranged a meeting with Wenk. On May 5, 1990, the parties signed an “exclusive right to sell” agreement which listed only five acres on which the camp house was located. Because Day had several prospects already and had agreed not to 12sell to persons unacceptable to his neighbors, Wenk added two handwritten notations in the contract, “reserved prospect” and “owner may refuse to sell.” According to Day, he told Wenk he wanted to reserve to his neighbors, Googe and Gregorio, first right either to buy the property themselves or to find a buyer. Wenk, however, testified that he did not remember this and neither name appears on the listing agreement or the list of reserved prospects that Day later gave to Wenk for inclusion in the Multiple Listing Service (“MLS”). Additionally, Day testified he told Wenk that he wanted to reserve some other interested parties who had seen his ad in the Times and had already contacted him. Day subsequently related these names to Wenk by phone. Day testified that he insisted on the refusal to sell notation to assure that the property would be sold only to a suitable buyer, willing to maintain the land in harmony with the area.
Day listed the property with a specified selling price of $82,500. The contract granted Fullilove a commission of 10 percent of the gross sales price whether the sale was negotiated by the agent, owner or a third party during the term of the agreement. As required by the Board of Realtors, Fullilove submitted the exclusive listing agreement and names of reserved prospects to MLS. Fullilove advertised the property in the newspaper, but received no response. A few weeks later, Wenk called Day and suggested that he lower the price; Day refused.
On July 10, 1990, without notice to Fulli-love, Day sold the entire 30 acres for $115,-000 to Dr. and Mrs. John Gregorio, the *803 brother and sister-in-flawg of his neighbor, Sam Gregorio. The deed of sale, recorded on July 11, 1990, did not distinguish between the price paid for the five acres with the camp house and that paid for the other 25 acres. Later that month, Fullilove learned of the sale and sent Day a letter requesting 10 percent of $82,500 as commission for the sale. Day never responded and Fullilove filed suit in October 1990 to collect the commission.
In written reasons for judgment, the trial court addressed both handwritten clauses to determine whether either barred Fullilove’s commission. The thrust of Day’s defense was that Dr. Gregorio was the designee of Sam Gregorio and a “reserved prospect.” The court found, after hearing contradictory evidence, that the first notation, “reserved prospect,” did not extend to any designee of the neighbors, even if the neighbors themselves were reserved prospects, and the second clause was “of no consequence” under these particular facts. The court thus determined that neither designation affected Fulli-love’s right to its commission. Nevertheless, the court found that Fullilove failed to establish the value of the five acres with a camp house and, consequently, that portion of the sale price attributable to the listed property; the court therefore held that it could not calculate the proper amount of commission due. The trial court reasoned:
The value of the 5 acre tract can not be presumed to have been $82,500.00 of the $115,000 sales price ... This court cannot guess what portion of the sales price is attributable to the 5 acre tract. To do so would be not only an arbitrary determination not based on any evidence in this record, but pure speculation. R.p. 49.
^Accordingly, the court rendered judgment for Day, dismissing Fullilove’s demands.
Fullilove has appealed, asserting by its first and third assignments that the trial court erred in requiring it to prove, by an unreasonable standard, the amount of commission owed and by its second, that the trial court erred in finding it did not make a prima facie showing of the commission due.

Discussion

Day does not contest the trial court’s finding that Fullilove was entitled to a commission. Under an exclusive listing agreement, the broker is entitled to his commission on a sale made during the term of the agreement whether or not his efforts contribute to the sale. Miller v. Aguilar/Wilson, Inc., 435 So.2d 1069 (La.App. 1st Cir.1983). Accordingly, we only address whether the amount of commission was established.
Fullilove contends that the trial court imposed an excessive standard of proof, and argues that it introduced sufficient evidence to establish prima facie that it was entitled to 10 percent of the $82,500 sale price. In support, it relies on Fleetham v. Schneekloth, 52 Wash.2d 176, 324 P.2d 429 (1958). Fleetham involved a similar situation where the owner listed certain property with a realtor and then sold not only that property listed, but also granted the purchaser the right to use an undivided one-half interest in separate unlisted lakeshore property. The court found that proof that the |5property described in the listing agreement had been sold established a prima facie case for a commission on the entire sale price. It then became a matter of defense to establish the value of any additional property included in the sale, in order to prorate the commission. Fleetham v. Schneekloth, supra at 178, 324 P.2d 429. The defendant in Fleetham, however, introduced no rebuttal evidence to establish the value of the additional property sold in order to allow the court to prorate the commission due. The court upheld the award of a full 10 percent commission based on the total sale price of $30,000.
Although the decisions of other jurisdictions are not controlling on Louisiana courts, when they determine an issue closely related to the one under consideration, they are at least persuasive and merit attention. C.H.F. Finance Company v. Jochum, 241 La. 155, 127 So.2d 534 (1961). We find the Fleetham proration rule both logical and equitable under these circumstances. Louisiana decisions are generally in accord with the proration rule. In Miller v. Aguilar/Wilson, Inc., supra, the court reduced the amount of commission awarded to A/W because the trial court, in calculating the commission due, included $350,000 for property which was included in the sale, but not described in the *804 exclusive listing agreements. The court recalculated A/W’s commission on the sale price of only that property specifically listed in the agreements.
Similarly, Louisiana courts apply the proration rule when an owner sells the listed property for an amount less than the agreed upon listing price. In this event, the broker is still entitled to his pro rata commission on I pthe lesser sale price. F.C. Williams Real Estate v. Haydel, 364 So.2d 171, 173 (La.App. 1st Cir.1978); Cf. Meyers v. Davidson, 196 So.2d 546 (La.App. 4th Cir.), writ denied, 250 La. 746, 199 So.2d 182 (1967); Ducournau v. Hendricks, 159 So.2d 736 (La.App. 3d Cir.1964); Lawrence v. Bailey, 41 So.2d 474 (La.App. 2d Cir.1949).
Fullilove contends that the court erred in finding that it failed to make a prima facie showing of the amount of the commission it was entitled to on the sale. We agree. Fullilove introduced the one year exclusive listing agreement on Day’s five acres with camp house, entered into by the parties on May 5,1990. The sale price stipulated therein by Day was $82,500. This is the price Day specified for the property, believed it was worth and explicitly agreed to sell it for. Fullilove also introduced the deed of sale from Day to Dr. Gregorio of the 30 acres, which included the listed property, for $115,000 consideration.
The evidence reveals that at no time prior to or after the actual sale did Day contend the listed price was greater than the listed property’s worth or that the sale price attributed to the listed property was less than $82,500. On the contrary, Day steadfastly refused to reduce the price for the property. R.p. 208. Clearly, Day felt that $82,500 for the listed property was a realistic selling price. It was his agreed and intended selling price. Furthermore, this price was not speculative. James Fullilove, the owner of the company, who has been a licensed real estate broker for 20 years and a former licensed appraiser, testified, without objection, that the listed value |7was not out of line. R.p. 86. Fullilove also testified that Wenk justified the figure by conducting a broker’s market analysis, a comparative study of other property in the Lake Bistineau area. Lloyd Wenk, a licensed real estate agent for nine years, opined that $82,500 was “a bit high,” but that Day refused to lower his price. This is simply not a case where the broker introduced no evidence to establish the proportion of the sale price attributable to the listed property on which the commission was due. Cf. Vallery v. La. Dept. of Health & Hospitals, 605 So.2d 1380 (La.App. 3d Cir.), writ denied, 609 So.2d 225 (1992); Spinks v. La. Dept. of Health & Human Resources, 605 So.2d 1384 (La.App. 3d Cir.1992).
In addition, Fullilove introduced Day’s deed of sale clearly showing that Day sold the five acres with camp house together with other acreage to Dr. John and Laura Gregorio on July 10, 1990, during the term of the parties’ exclusive listing agreement and for a consideration that exceeded the listed price by $32,500. The trial court was plainly wrong to find that Fullilove did not make the requisite showing in the instant case. Rosell v. ESCO, 549 So.2d 840 (La.1989). We conclude that Fullilove established its prima fa-cie case of entitlement to 10 percent commission on $82,500 for the sale of the listed property.
In sum, Day was in the best position to rebut Fullilove’s showing that the selling price for the listed property was $82,500. However, Day introduced no evidence, either testimonial or demonstrative, to prove the price of the listed five acres or the additional 25 acres not described in the | «listing agreement. Neither Day nor Dr. Gregorio, the parties to the sale, testified that the listed property was, in fact, sold for less than $82,-500.
On this record, Fullilove made a prima facie showing that the sale price of the listed five acres with improvements was $82,500, and Day did not rebut it. Fullilove is not claiming a commission on the entire $115,000 sale price, but merely upon the property specifically described in the agreement and listed at $82,500. The trial court was plainly wrong to deny Fullilove commission on this amount.

Conclusion

For the reasons expressed, we reverse the trial court and render judgment in favor of Sam Fullilove & Associates, Inc. in the amount of $8,250 plus legal interest from date of judicial demand until paid. Costs *805 below and on appeal are assessed against the appellee, Day.
REVERSED AND RENDERED.
BROWN, J., dissents with written reasons.