823 So.2d 360 (2002)
John DOE
v.
The ARCHDIOCESE OF NEW ORLEANS, The Diocese of Houma/Thibodaux, Saint Gregory Barbarigo Church, Saint Louis Church and Gerald A. Prinz.
John Doe
v.
The Archdiocese of New Orleans, et al.
Nos. 2001-CA-0739, 2001-C-1748.
Court of Appeal of Louisiana, Fourth Circuit.
May 8, 2002.
Rehearing Denied June 14, 2002.
*361 M.H. Gertler, Jill D. Trahan, Gertler, Gertler, Vincent & Plotkin, New Orleans, LA, for Plaintiff/Appellee, John Doe.
Dwight C. Paulsen, III, David E. Redmann, Jr., Terrance A. Prout, Lemle & Kelleher, L.L.P., New Orleans, LA, Don M. Richard, Metairie, LA, and T. Kenneth Watkins, William A. Eroche, Thomas K. Watkins, Jr., Watkins, Walker & Eroche, L.L.P., Houma, LA, for Defendants/Appellants, The Church Defendants.
(Court composed of Chief Judge WILLIAM H. BYRNES III, Judge DENNIS R. BAGNERIS, SR., Judge TERRI F. LOVE).
LOVE, Judge.
This case concerns the alleged sexual abuse of plaintiff, John Doe (hereinafter "Doe"), by Gerald Prinz (hereinafter "Prinz"), a former Roman Catholic Priest. Defendants, the Archdiocese of New Orleans, the Diocese of Houma Thibodaux, *362 St. Gregory Barbarigo Church, St. Louis Church, and Gerald Prinz (hereinafter referred to collectively as "the Church"), filed a Motion in Limine to exclude Doe's expert witness' testimony and filed an Exception of Prescription. The trial court denied both. In this consolidated matter, the Church appeals the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY
On October 30, 1995, Doe filed this action against the Church. Doe alleged that Prinz, a former Roman Catholic priest, sexually abused him on two occasions, the first in the sacristy of St. Gregory Church in 1973, and the second in the rectory of St. Louis Church in 1978.[1] The suit was filed 17 years after the second alleged act of abuse. Doe asserted contra non valentem to explain the delay in filing his petition. His inability to remember the abuse because of "dissociative amnesia", or "repressed memory", precluded Doe from filing his complaint within the prescriptive period. He asserted that his memories were triggered by stress he was experiencing in his nursing school program at Nicholls State University. Doe claimed that he recovered these memories in November 1994.
Dr. Edward Shwery, a psychologist, treated Doe once a week from May 4, 1995 through December 19, 1995. At his initial visit, Doe informed Dr. Shwery that he had been experiencing a variety of symptoms, including anxiety, sweats, and depression on and off for about two years, that he had been experiencing "internal pain" for about a year, and that he had been having nightmares of an unidentified man on top of him, for about a year and a half. Doe also told Dr. Shwery at this initial visit, that in November of 1994 he had a nightmare in which he identified Prinz as the man sexually abusing him.
Dr. Shwery found Doe's recovered memories of the abuse in the St. Gregory sacristy and the St. Louis rectory to be valid. Doe also recovered memories of Prinz, touching him on the St. Gregory school grounds; these incidents Dr. Shwery characterized as "grooming", not abuse. Doe described two additional memories of alleged abuse by Prinz, one on a CYO field trip to St. Benedict Seminary and the other at the St. Louis Hall. However, Dr. Shwery declined to make an opinion about these incidents.
The Church filed a Motion in Limine to exclude evidence of "Repressed Memory", or in the alternative, to exclude the testimony of Doe's expert witness, Dr. Shwery. The Church attacked Dr. Shwery's methodology, his application of the methodology in general, and its application to Doe. The court conducted a Daubert hearing to evaluate the reliability of the expert testimony. Extensive examination of Dr. Shwery and Dr. James Hudson, the Church's expert, was presented. The trial court rendered judgment denying the Church's motion, and the defendants subsequently filed a petition for appeal of this ruling, which was granted. Subsequently Doe filed a motion to dismiss the appeal. The Church then filed a Notice of Intention to Apply for Supervisory Writs, which was also granted. The trial court later dismissed Doe's motion to dismiss the appeal. The trial court also heard arguments on the Church's Exception of Prescription. The trial court overruled the exception, and the Church subsequently filed a Notice of Intention to Apply for Supervisory Writs. *363 The above actions have been consolidated in the instant appeal.

DISCUSSION

A. Daubert Hearing
In its first assignment of error, the Church asserted that the trial court erred by not conducting any Daubert/Foret analysis on two of the three opinions given by Dr. Shwery, and by not conducting a true Daubert/Foret analysis on the third. Specifically the Church complained that the trial court failed to subject Dr. Shwery's methodology or application of his methodology to Daubert/Foret analysis, nor did the trial court conduct a Daubert/Foret analysis to Dr. Shwery's application of his methodology to the instant case.
As to the issue of who should or should not be allowed to testify as an expert, it is very well established in the case law that the trial court has discretion and will not be reversed on appeal absent clear error. Ballam v. Seibels Bruce Ins. Co., 97-1444, p. 4 (La.App. 4 Cir. 4/1/98), 712 So.2d 543, 546, citing Mistich v. Volkswagon of Germany, Inc., 95-0939(La.1/29/96), 666 So.2d 1073. The trial court's decisions in applying the new reliability standards for expert testimony are also subject to reversal only for abuse of discretion or manifest error. Ballam, 97-1444, p. 4, 712 So.2d at 546, citing Williamson v. Haynes Best Western of Alexandria, 95-1725 (La.App. 4 Cir. 1/29/97), 688 So.2d 1201, 1241.
As correctly noted by the trial court in its reasons for judgment, in Daubert v. Merrell-Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), the Supreme Court set forth the criteria for determining the reliability of expert scientific testimony. The Supreme Court replaced the "general acceptance" standard of Frye v. United States, 293 F. 1013 (D.C.Cir.1923), with a standard that charges the trial court to act as "gatekeeper" ensuring the relevance and reliability of scientific expert testimony. The Louisiana Supreme Court adopted the Daubert analysis in State v. Foret, 628 So.2d 1116, 1121 (La.1993).
The Court in Daubert suggested the following factors in evaluating scientific expert testimony: 1) the "testability" of the expert's theory or technique; 2) whether the theory or technique has been subjected to peer review and publication; 3) the known potential rate of error; and 4) whether the methodology is generally accepted by the scientific community. Daubert, 509 U.S. at 592-94, 113 S.Ct. at 2796-97. However, Daubert made clear that its list of factors was meant to be helpful, not definitive. Kumho Tire Co., LTD. v. Carmichael, 526 U.S. 137, 151, 119 S.Ct. 1167, 1175, 143 L.Ed.2d 238 (1999).
The Supreme Court in Kumho explained the purpose of Daubert as follows:
The objective of Daubert's gatekeeping requirement is to ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.
We conclude that the trial must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable.
The trial court must have the same kind of latitude in deciding how to test an expert's reliability, and to decide whether or when special briefing or other proceedings are needed to investigate reliability, as it enjoys when it decides whether or not that expert's relevant testimony is reliable. Our opinion *364 in [General Electric Co. v.] Joiner[, 522 U.S. 136, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997)] makes clear that a court of appeals is to apply an abuse of discretion standard when it "review[s] a trail court's decision to admit or exclude expert testimony." That standard applies as much to the trial court's decisions about how to determine reliability as to its ultimate conclusion.
Whether Daubert's specific factors are, or are not, reasonable measures of reliability in a particular case is a matter that the law grants the trial judge broad discretion.
(Internal citations omitted).
Kumho, 526 U.S. at 152-53, 119 S.Ct. at 1176.
Recently, this Court decided in Dinett v. Lakeside Hospital, 2000-2682 (La.App. 4 Cir. 2/20/02), 811 So.2d 116, that Daubert comes into play only when the methodology used by the expert is being questioned. This court found it improper to use Daubert analysis when questioning the conclusions reached by applying the methodology to the facts. Therefore, the Church's argument that the trial court did not conduct a Daubert analysis on the application of Dr. Shwery's methodology to the facts of this case is misplaced.
As to the Church's contention that the trial court did not conduct a proper Daubert analysis on Dr. Shwery's methodology or its general application, we find no error in the trial court's assessment that Dr. Shwery's methodology is sound.
The factors outlined in Daubert do not constitute an exhaustive list. The trial court is permitted to use other factors to determine the reliability of the expert testimony. The trial court heard extensive testimony from both the Church's and Doe's expert witnesses. These witnesses were subject to rigorous direct and cross-examinations on all aspects of their professional opinions with regard to this case. Specifically, Dr. Shwery was vigorously questioned about his methodology in diagnosing Doe. The condition of repressed memory varies between individuals, and patients are vulnerable to suggestion. Accordingly, Dr. Shwery stated that there is no standardized methodology to diagnose patients with repressed memory. Dr. Shwery testified that he relied upon his own clinical experience, research, understanding of amnesia, and the DSM-IV[2], to make his evaluation of Doe. He developed his methodology from the available information on repressed memory, and numerous clinical studies, etc., to come up with a list of factors specific to Doe. The Church attacked Dr. Shwery's methodology and questioned why he had not published it. As Dr. Shwery testified, there is no published, standardized list of factors for diagnosing repressed memory. Dr. Shwery admitted that because of this lack of standardization, there is no known error rate for detecting repressed memories. This fact, the Church contended, is why Dr. Shwery's opinions should be excluded. However, the Church is using Dr. Shwery's opinions to question the existence of repressed memory itself. Our reading of the record reveals that Dr. Shwery's methodology and opinions are in conformity with the science of repressed memory. We therefore find that his opinions regarding repressed memory are reliable and relevant. It is up to the jury to make credibility determinations about Dr. Shwery, his methodology and opinions, the existence of repressed memory, and *365 whether or not Doe suffers from the condition.
The Church also argued that the opinions of Dr. Shwery are unreliable because he admits that it is difficult for a psychologist to determine whether or not the patient is lying. Again, this is a credibility determination best left to the finder of fact. There will be opportunity at trial for the Church to cross-examine Dr. Shwery and Doe. This Court will not allow the standard set out in Daubert to be used by the Church to eliminate all testimony regarding repressed memory. Whether Doe suffers from this condition is central to this case.
Our reading of the record reveals that there was sufficient evidence presented at the Daubert hearing to enable the trial court to find that the methodology used by Dr. Shwery is reliable and relevant and therefore passes Daubert scrutiny.
In its second assignment of error, the Church asserted that the trial court erred by relying on three out-of-state cases, when other authority takes the opposite view.
We find no merit to the Church's argument. Due to the dearth of Louisiana jurisprudence that deals with Daubert analysis of expert testimony in the field of repressed memory, the trial court looked to other jurisdictions for guidance. The trial court acknowledged that the cases that were considered from other jurisdictions are not controlling on Louisiana courts, but that when they bear on the issue at hand, they may be considered. See Sam Fullilove & Associates, Inc. v. Day, 25,799, p. 5 (La.App. 2 Cir. 6/22/94), 639 So.2d 801, 803. The Church also cited many out of state cases, and based their arguments upon them. The trial court did not find the Church's cases persuasive, however, this does not amount to reversible error. Therefore, we find no error in the trial court using out-of-state cases to help make an assessment of the expert testimony under Daubert.
In its third assignment of error, the Church asserted that the trial court erred in relying upon the qualifications of Doe's expert when the United States Supreme Court has specifically held that an expert's qualifications are not a factor to be considered under Daubert.
Again, we find no merit to this argument. Our review of the record reveals that the trial court did not rely, as the Church suggests, on Dr. Shwery's qualifications to establish his testimony as reliable. His qualifications were indeed noted by the trial court; however, after a thorough examination of his expertise in the field of repressed memory and on the methodology he used to examine Doe, we find that the trial court did not base its decision solely on Dr. Shwery's qualifications.
In its fourth assignment of error, the Church asserted that the trial court erred in finding that Dr. Shwery's opinions are reliable.
The law is well settled that where the testimony of expert witnesses differs, the trier of fact has great, even vast, discretion in determining the credibility of the evidence, and a finding of fact in this regard will not be overturned unless clearly wrong. Rosen v. State, XXXX-XXXX (La.App. 4 Cir. 1/30/02), 809 So.2d 498, 505 citing DeSambourg v. Board of Comm'rs for Grand Prairie Levee Dist., 608 So.2d 1100, 1108 (La.App. 4th Cir.1992). Further, the assessment of credibility of competing expert witnesses is best left to the trier of fact, who has the opportunity to observe the respective demeanor of the witnesses. Id., citing Cash v. Charter Marketing Co., 607 So.2d 1036, 1039 (La. App. 3rd Cir.1992). The Church and Doe *366 presented expert witnesses that were thoroughly examined. We do not find it an error that the trial court found Dr. Shwery's opinions reliable.
In the Church's fifth assignment of error, it asserted that the trial court erred in failing to exclude opinions that concern Doe's credibility and intrude upon the finder of fact.
Again, we find no merit in this argument. Dr. Shwery testified as to the concept of repressed memory and to his opinion that Doe's condition is consistent with that of a person who suffers from repressed memory. He also testified that in his expert opinion Doe's two memories of being molested by Prinz are true repressed memories. It is well established that a treating psychologist may give opinion testimony as to the patient's condition based on his examination and the history provided by the patient. Contrary to the Church's argument, it is still within the purview of the trier of fact to assess the credibility of the expert opinion. We find no error on the part of the trial court for not excluding this testimony.

B. Prescription
The Chuch filed an Exception of Prescription that was overruled by the trial court. The Church now asks that this court reverse that ruling.
Delictual actions are subject to a liberative prescription period of one year. This prescription commences to run from the day injury or damage is sustained. La. C.C. art. 3492.[3] The prescription statute is strictly construed in favor of the obligation sought to be extinguished by it. Wimberly v. Gatch, 93-2361, p. 8 (La. App. 4 Cir. 4/11/94), 635 So.2d 206, 211. When a petition reveals on its face that the prescriptive period has already elapsed, the plaintiff has the burden of establishing that suspension, interruption, or renunciation of prescription has applied. Id. Doe claims that he was precluded from filing this action within the prescriptive period under the doctrine of contra non valentum, because he did not remember the abuse until November 1994. The courts created the doctrine of contra non valentum as an exception to the general rule of prescription. Wimberly, 93-2361 at p. 8, 635 So.2d at 211. It is based on the equitable principle that prescription should be suspended when a plaintiff is effectually prevented from enforcing his rights for reasons external to his own will. Id.
In this case, the issue of prescription depends on whether Doe can prove that his memories of the alleged abuse by Prinz are true repressed memories. This issue is a question of fact. The question of law posed by the Exception of Prescription is inextricably linked to the facts of this case and cannot be resolved without a full hearing on the merits so that the trial court can have the benefit of all the evidence concerning the repressed memory issue. Smith v. Cutter Biological, 99 2068, p. 2 (La.App. 4 Cir. 9/6/00), 770 So.2d 392, 392.
In the instant case, when the trial court decided the prescription issue, it had only the motions, depositions, and arguments of counsel upon which to base its decision. Because Doe's claim of repressed memory is central to the issue of prescription, and is factual in nature, the *367 trial court should consider all of the evidence on that issue before rendering its decision. Only by considering all of the exhibits and observing the demeanor of the witnesses and experts during direct and cross-examination will the trial court be able to make an informed judgment on whether Doe's claims are prescribed. A trial on the merits is vital to deciding the issue of prescription. Doe may or may not establish that his claim of repressed memory is valid, but if he carries that burden, then the existence of the repressed memory would be the factor that interrupted prescription. If Doe does not carry that burden, the trial court could then rule that the plaintiff's claim had prescribed.
Accordingly, this Court finds that the issue of prescription should be reserved and tried along with the facts in a full trial on the merits. We, therefore, vacate the ruling of the trial court on the issue of prescription and remand the issue for trial on the merits.

CONCLUSION
For the foregoing reasons, we find that the trial court did not err in denying the Church's Motion in Limine. However, we vacate the trial court's ruling on the Exception of Prescription, and remand that issue to be tried on the merits along with all other issues.
AFFIRMED IN PART; VACATED IN PART; REMANDED.
BYRNES, C.J., Dissents with Reasons.
BYRNES, C.J., dissenting with reasons.
I respectfully dissent.
To allow the plaintiff to use the theory of recovered memory to invoke the doctrine of contra non valentem would expand that concept far beyond what it was ever intended to encompass. See Cartwright v. Chrysler Corporation, 255 La. 597, 232 So.2d 285 (1970). Plaintiff cites no Louisiana case invoking contra non valentem in connection with recovered memory. The majority opinion cites none and I am aware of none. I do not believe that it is good public policy. Accordingly I would grant the defendant's exception of prescription.
NOTES
[1] In his amended petition, Doe claims that Prinz sexually abused him on two occasions; however, in Doe's deposition he testified that there were five incidents of sexual abuse by Prinz.
[2] Diagnostic and Statistical Manual of Mental disorders, Fourth Edition (American Psychiatric Association, 1994).
[3] La. C.C. art. 3496.1 was amended in 1992 to provide a three year prescriptive period for an action against a person for abuse of a minor. In 1993, La. R.S. 9:2800.9 was enacted to provide a ten year prescriptive period for an action against a person for sexual abuse of a minor. Neither was given retroactive application and thus do not apply in the instant case.