JjDOUCET, Chief Judge.
The Defendant, Falrig, Inc., appeals the trial court’s award of future wage loss made pursuant to a remand from this court. The question before this court is whether the trial court properly followed the decision rendered by this court remanding this case.
The court, in its previous opinion in this matter, Harper v. Falrig Offshore, Inc., 00-694, p. 1 (La.App. 3 Cir. 12/20/00); 776 So.2d 620, 623, outlined the pertinent facts and its findings as follows:
Mr. Randy Harper worked on a Fal-rig Offshore, Inc.’s (Falrig) jack-up rig (Falrig 19) more than three miles off Louisiana’s coast. On the morning of November 7, 1996, his supervisor ordered him to install a rain shield over the crew’s living quarters entrance. While working from a wooden stepladder approximately 45 inches above the deck, he fell while reaching for a sledge hammer being handed to him from above the first deck level. As a result of his fall, he broke his left heel bone and injured his back and neck. Later, he filed suit against his employer, Falrig, and its insurer, Steamship Mutual Underwriting Association Limited (Steamship), alleging unseaworthiness and negligence under the Jones Act. He also sued the ladder manufacturer, Blue Ribbon Ladder Company (Blue Ribbon)but it reached a minimal settlement before trial. After a bench trial, the trial court assessed 75% of the fault to Mr. Harper and 25% to Falrig. It awarded $75,505.00 for past and future medicals; $250,000.00 for past, present, and future pain and suffering; $20,000.00 for loss of household services, and $606,528.00 for past and future lost wages.
All parties appealed.All question the trial court’s future wage loss award.
We affirm the trial court’s findings of fault concerning Falrig, its apportionment of fault between the parties, its finding that the vessel was seaworthy, the general damages award, and the involuntary dismissal decisions. However, we reverse the future wage loss award and remand for a new trial on that issue.
On May 15, 2002, the trial court again heard testimony regarding the issue of future wage loss. Experts for both parties testified. The trial court accepted the testimony of the Plaintiffs expert and awarded damages for future wage loss in the Lamount of $595,134.00. Falrig appeals asserting that the trial court erred in using a wage base other than the Plaintiffs gross earnings at the time of his injury in calculating the future wage loss.
This court in its previous ruling on this matter found that:
Because of our decision below concerning this issue, we need only address Mr. Harper’s expert’s use of a projected wage for Mr. Harper in April of 1998, which included two pay increases, rather than using the date of the accident. The law for calculating future wage losses in maritime cases is found in Culver v. Slater Boat Co., [722 F.2d 114 (5th Cir.1983) (en banc), cert. denied, 467 U.S. 1252, 104 S.Ct. 3537, 82 L.Ed.2d 842 (1984),] also known as Culver II. It clearly provides that the calculation of the present value of future lost wages “begins with the gross earnings of the injured party at the time of the injury.” [Id. at 117.] At trial, Mr. Harper’s economist based his estimates on a wage base higher than his actual gross wages at the time of the injury. The trial *591 court then reduced his estimate of $597,687.00 by an amount it felt appropriate because Mr. Harper had chosen not to seek higher paying employment. The base from which the trial court made its reduction was not calculated in compliance with Culver II. Thus, because its award is infected with legal error, we reverse it.
Falrig asserts that the Plaintiffs expert did not follow this courts ruling and that, as a result, the trial court erred in accepting Plaintiffs expert’s projection of future wage loss. However, we find nothing either in Culver II, nor in this court’s previous decision which requires that the court disregard pay raises which a Plaintiff was scheduled to receive. Culver requires only that earnings that are “so speculative that they cannot accurately be determined” be excluded. Culver, 722 F.2d at 120. Culver further states in Footnote 2 that: “The paramount concern of a court awarding damages for lost future earnings is to provide the victim with a sum of money that will, in fact, replace the money that he would have earned.” Our previous opinion in this case required that Culver be followed by beginning the calculation of future wage loss with the Plaintiffs gross earnings at the time of the accident. Nothing in that opinion requires that the court disregard wage increases which the Plaintiff was ^certain to achieve had he continued working. After reviewing the reports and depositions of both the Plaintiffs and the Defendant’s experts, we find that the Plaintiffs expert economist, Dr. Bettinger, correctly followed the Culver II method and this court’s prior opinion in this matter in calculating the future wage loss. Nor do we find any error in the trial court’s decision to credit Dr. Bettinger’s testimony and calculations over those of Dr. Boudreaux in making an award of damages for future loss of wages.
The law is well settled that where the testimony of expert witnesses differs, the trier of fact has great, even vast, discretion in determining the credibility of the evidence, and a finding of fact in this regard will not be overturned unless clearly wrong. Rosen v. State, 2001-0499 (La.App. 4 Cir. 1/30/02), 809 So.2d 498, 505 citing DeSambourg v. Board of Comm’rs for Grand Prairie Levee Dist., 608 So.2d 1100, 1108 (La.App. 4th Cir.1992). Further, the assessment of credibility of competing expert witnesses is best left to the trier of fact, who has the opportunity to observe the respective demeanor of the witnesses. Id., citing Cash v. Charter Marketing Co., 607 So.2d 1036, 1039 (La.App. 3rd Cir.1992).
Doe v. Archdiocese of New Orleans, 01-739, p. 8 (La.App. 4 Cir. 5/8/02); 823 So.2d 360, 365, writ denied, 02-1960 (La.11/8/02); 828 So.2d 1127.
Finding no error in the trial court’s judgment on remand, we affirm. Costs of this appeal are assessed the Defendant/Appellant.
AFFIRMED.