**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.



This opinion was filed for record at 8:00 a.m. on April 28, 2016

_Susan L. Carlson_
Acting Clerk
Supreme Court Clerk

IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| CAROLYN ROBBS BILANKO, an individual, | ) ) ) | No. 91247-5 |
| Respondent, | ) ) | |
| v. | ) ) | En Banc |
| BARCLAY COURT OWNERS ASSOCIATION, a Washington non-profit Corporation, | ) ) ) ) | Filed APR 2 8 2016 |
| Appellant. | ) ) ) | |

GONZÁLEZ, J.—The Barclay Court Owners Association amended its condominium declaration to restrict the number of units that could be leased at one time. After this amendment was passed and recorded, Carolyn Bilanko purchased a condo at Barclay Court. Four years later, Bilanko challenged the amendment as improperly passed. We must decide whether Bilanko's challenge is timely under the Washington Condominium Act (WCA), chapter 64.34 RCW. We hold that it is not timely and reverse.

*Bilanko v. Barclay Court Owners Ass'n*, No. 91247-5

BACKGROUND

Barclay Court is a condominium owners' association for a 28-unit residential condominium development in Seattle, Washington. Barclay Court was organized under the WCA, chapter 64.34 RCW,[1] and recorded its residential condominium declaration (Declaration) on May 2, 2001. Section 9.2 of the 2001 Declaration stated that there was "no restriction on the right of any [o]wner to lease or otherwise rent its [u]nit." Clerk's Papers (CP) at 111.

Seven years later, Barclay Court amended its Declaration to limit leasing with the stated intent of "preserving and enhancing the value of the Condominium and of the individual units." *Id.* at 204, 206. This amendment, "Amendment No. 1," provided that only seven units could be leased at any time. Under the Declaration, the "imposition of any restrictions on leasing of [u]nits" required only a 67 percent vote to pass. *Id.* at 194.[2] However, any changes to the "uses to which any [u]nit is restricted" required a 90 percent vote to pass. *Id.* at 194. The Declaration does not define the term "use," and it is not immediately apparent which vote total

---

[1] The Washington Condominium Act governs condominium complexes created after July 1, 1990. *Filmore LLLP v. Unit Owners Ass'n of Centre Pointe Condo.*, 184 Wn.2d 170, 171-72, 355 P.3d 1128 (2015) (citing *Shorewood W. Condo. Ass'n v. Sadri*, 140 Wn.2d 47, 52, 992 P.2d 1008 (2000)).

[2] Section 5.5 of the Declaration indicates voting is allocated equally to each unit, with each unit entitled to one vote.

*Bilanko v. Barclay Court Owners Ass'n,* No. 91247-5

was needed to approve the amendment.[3]  We do know that the amendment received at least 67 percent of the vote on October 27, 2008.[4]  The association treated the amendment as effective.  It was properly recorded on November 3, 2008.

A year later, Bilanko purchased a two-bedroom unit in Barclay Court. Her recorded statutory warranty deed indicated the property was subject to Barclay Court's Declaration and Amendment No. 1.  At some point, Bilanko decided she wanted to lease her unit.  Unfortunately, seven units were already being leased at the time.  In March 2013, Bilanko asked to be put on the leasing waiting list.  She was number five on the waiting list.  In September 2013, Bilanko requested a hardship waiver under section 9.2.6.5 of the amendment to allow her to lease her unit.  Barclay Court denied Bilanko's request.  Bilanko persisted.  She notified Barclay Court in October 2013 that she intended to lease her unit beginning in November and would sue unless Barclay Court revised Amendment No. 1.  Counsel for Barclay Court responded that Bilanko would violate the Declaration if she leased out

---

[3] We are aware of the recurring, unsettled question of whether the definition of "use" in the WCA includes the leasing or renting of a unit.  The legislature may well wish to clarify the WCA on this point.

[4] While the exact vote count is not in the record before us, the amendment, as signed by the President of Barclay Court, states it passed with at least 67 percent of the vote.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

her unit and that Barclay Court had the right to evict any unauthorized tenants.

Bilanko sued Barclay Court on July 14, 2014, alleging that the leasing amendment was invalid because it had not received sufficient votes to change the "uses to which any [u]nit is restricted" under RCW 64.34.264 and the Declaration. CP at 1-7. Barclay Court moved for partial summary judgment, arguing that Bilanko's action was barred by the one-year statute of limitations under RCW 64.34.264(2) and an identical one-year limit in the Declaration. Bilanko moved for declaratory relief, arguing that the amendment was not correctly adopted, that it was void ab initio, and that her challenge was not barred by the statute of limitations. The trial court judge initially granted Barclay Court's motion and denied Bilanko's. It found that although Bilanko would have prevailed on the merits had she filed a timely challenge, the statute of limitations under RCW 64.34.264(2) barred her claim. Shortly afterward, the trial judge stayed its order and certified the case for interlocutory review under RAP 2.3(b)(4).

Meanwhile, Division Three of the Court of Appeals held that a challenge to an amendment that was not properly passed under the WCA is not barred by the one-year limitation in RCW 64.34.264(2). *Club Envy of Spokane, LLC v. Ridpath Tower Condo. Ass'n*, 184 Wn. App. 593, 601, 337

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

P.3d 1131 (2014). After the *Club Envy* decision, Bilanko moved the trial court to vacate its previous orders and enter judgment for her. Based on *Club Envy*, the trial court granted her motion, declared Barclay Court's amendment invalid, and entered summary judgment for Bilanko. The parties stipulated to dismissal of the remaining claims without prejudice under CR 41(a)(1)(A) to facilitate review.

Barclay Court timely sought direct review in this court under RAP 4.2(a)(4) as a fundamental and urgent issue of broad public importance. We granted review.

ANALYSIS

Barclay Court argues that Bilanko's challenge to Amendment No. 1 is time barred under RCW 64.34.264(2). We agree. Under a plain reading of the statute, a challenge to an allegedly invalid amendment cannot be brought more than one year after the amendment is recorded. Unlike in *Club Envy*, equity does not demand the time limit for this challenge be tolled.

Whether a claim is time barred is a legal question we review de novo. *Goodman v. Goodman*, 128 Wn.2d 366, 373, 907 P.2d 290 (1995). RCW 64.34.264(2) provides that "[n]o action to challenge the validity of an amendment adopted by the association pursuant to this section may be brought more than one year after the amendment is recorded." Section 25.1

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

of the Declaration contains nearly identical language as the WCA barring challenges more than one year after the recording of an amendment.

The plain language of RCW 64.34.264(2) bars challenges to the *validity* of an amendment brought more than one year after recording the amendment.[5] Since the statute does not define "validity," we look to a dictionary to determine its ordinary meaning. *State v. Gonzalez*, 168 Wn.2d 256, 263, 226 P.3d 131 (2010) (citing *Estate of Haselwood v. Bremerton Ice Arena, Inc.*, 166 Wn.2d 489, 498, 210 P.3d 308 (2009)). "Valid" is defined as "[l]egally sufficient; binding." BLACK'S LAW DICTIONARY 1784 (10th ed. 2009). This time bar, then, is intended to prevent challenges to whether an amendment is legally sufficient or binding that are brought more than a year after recording the amendment.

Here, Bilanko is challenging the legal sufficiency of the amendment. She argues that the amendment is "invalid because it did not receive the level of owner approval required under the WCA." Resp't Bilanko's Appellate Br. at 10. Under RCW 64.34.264(2), Bilanko had one year from

---

[5] The parties dispute whether this time bar operates as a statute of limitations or a statute of repose. A statute of limitation bars a plaintiff from bringing an already accrued claim after a specific period of time has passed; a statute of repose, however, terminates a right of action after a specified time, even if an injury has not yet occurred. *1000 Virginia Ltd. P'ship v. Vertecs Corp.*, 158 Wn.2d 566, 574-75, 146 P.3d 423 (2006) (quoting *Rice v. Dow Chem. Co.*, 124 Wn.2d 205, 211-12, 875 P.2d 1213 (1994)). We need not decide between the two as the result is the same in this case.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

November 3, 2008, when Barclay Court recorded the amendment, to bring

her challenge. Bilanko did not challenge the validity of the amendment until

2014. Bilanko's challenge is time barred under the plain language of RCW

64.34.264(2).

Relying on *Club Envy*, Bilanko argues that the time bar only applies

to amendments that were passed "pursuant to," or "in compliance with" the

requirements of RCW 64.34.264. Resp't Bilanko's Appellate Br. at 31

(citing *Club Envy*, 184 Wn. App. at 593). Adopting her approach would

require us to consider the merits of a challenge before determining whether

the time bar applies—an approach we are reluctant to adopt in this case. In

contrast, it is easy to see why the court took that approach in *Club Envy*.

There, the unit owners alleged the condo association president, who had

been convicted of fraud in unrelated cases at the time of summary judgment,

had fraudulently filed amendments decreasing the allocated interests of each

unit owner. *Club Envy*, 184 Wn. App. at 597-98. Nothing in the opinion

suggests that *any* vote was held, and the unit owners were not aware of the

amendment until after the amendment was recorded. *Id.* at 602. While not

specifically reaching (but hinting strongly) whether in fact the amendments

had been fraudulently filed, the Court of Appeals held that a challenge to the

"validity of the amendment as not being properly passed by the association

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

pursuant to the WCA is not barred by RCW 64.34.264(2)'s one-year limitation." *Id.* at 601.

*Club Envy* dealt with a strikingly different issue than what is present in this case. There, it appears the condo association president committed fraud by recording an amendment that he did not have the legal authority to record without the consent of *any* of the other unit owners. The court concluded the amendment was void ab initio,[6] or "void from its inception." *Club Envy*, 184 Wn. App. at 600-01. Actions that exceed the decision maker's authority are generally void. *See, e.g., S. Tacoma Way, LLC v. State*, 169 Wn.2d 118, 123, 233 P.3d 871 (2010) (indicating that a government contract is void only where the government entity "had no authority to enter the contract in the first place"); *see In re Pers. Restraint of Thompson*, 141 Wn.2d 712, 719-23, 10 P.3d 380 (2000) (holding judgment and sentence invalid where court had no authority to convict defendant of a nonexistent crime); *cf. In re Disciplinary Proceeding Against Hammermaster*, 139 Wn.2d 211, 219, 985 P.2d 924 (1999) (discussing municipal judge's lack of authority to impose unauthorized sentences). These types of challenges can generally be made outside of a statutory time

---

[6] An agreement or contract is "void ab initio" if it "seriously offends law or public policy, in contrast to a contract that is merely voidable at the election of one party to the contract." BLACK'S, *supra*, 1805 (10th ed. 2009).

*Bilanko v. Barclay Court Owners Ass'n*, No. 91247-5

bar. *Club Envy*, 184 Wn. App. at 601; *accord S. Tacoma Way*, 169 Wn.2d at 124 ("If the transaction was truly void, as our cases recognize, it would be subject to challenge and invalidation at any time, perhaps years later."); *see also Allstate Ins. Co. v. Khani*, 75 Wn. App. 317, 323-24, 877 P.2d 724 (1994) ("Void judgments may be vacated regardless of the lapse of time." (citing *In re Marriage of Leslie*, 112 Wn.2d 612, 618-19, 772 P.2d 1013 (1989))).

In essence, Bilanko asks us to hold that any legal error committed by a condominium association that changes a declaration renders the change void and challenges exempt from the WCA time bar. It is true that condominium associations are organized as corporations, and corporations must act in accordance with any formalities "prescribed by its charter, or by the general law." *Twisp Mining & Smelting Co. v. Chelan Mining Co.*, 16 Wn.2d 264, 294, 133 P.2d 300 (1943); RCW 64.34.300. It is also true that when a corporation acts beyond its corporate powers or its actions offend public policy, those actions are void. *Twisp*, 16 Wn.2d at 293-94. But if a corporation fails to observe some statutory requirement while acting within its corporate powers, the act is "voidable only, and is valid until avoided, not void until validated." *Id.* at 294 (quoting 19 C.J.S. *Corporations* § 968 (1940)). Actions that fail to comply with statutory requirements are

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

generally not void unless the legislature has authorized such a penalty. *See*

*Way v. Pac. Lumber & Timber Co.*, 74 Wash. 332, 333, 133 P. 595 (1913)

(articulating rule that "a contract which violates a statutory regulation of

business is not void unless made so by the terms of the act"); *see also*

*Yakima Lodge No. 53 v. Schnieder*, 173 Wash. 639, 642-43, 24 P.2d 103

(1933) ("The ordinance did not provide that contracts made in violation

thereof should be void."); *accord Allison v. Medicab Int'l, Inc.*, 92 Wn.2d

199, 203, 597 P.2d 380 (1979) (noting failure to comply with statutory

requirements to register franchise did not render franchise agreement void).

In this case, however, there is nothing in the record to suggest that

Barclay Court committed fraud, seriously offended public policy, or

exceeded its legal authority in passing the amendment. Accordingly, the

amendment is not void ab initio. Barclay Court followed the procedures set

out in article 25 of its Declaration: a majority of the board of directors voted

to submit the amendment for owner approval, all owners were notified of the

proposed amendment in writing, and at least 67 percent of the owners

approved the amendment. Barclay Court acted within the statutory authority

it has under RCW 64.34.264(5) to prepare, execute, record, and certify the

amendment. Nothing in RCW 64.34.264 suggests that the legislature

intended to make amendments not passed with the required supermajority

void and subject to challenge at any time. It strains credulity to believe that it would not make such a draconian consequence explicit in the statute.

We need not decide what vote threshold was necessary to enact Amendment No. 1. Regardless of the percent required to pass the amendment, it was, at most, voidable. Challenges to voidable amendments must be made within the one-year time bar set out in RCW 64.34.264(2). To hold otherwise would render the time bar meaningless, for unit owners could challenge amendments years after passage. A statutory time bar is a "'legislative declaration of public policy which the courts can do no less than respect,'" with rare equitable exceptions. *Cost Mgmt. Servs., Inc. v. City of Lakewood*, 178 Wn.2d 635, 651, 310 P.3d 804 (2013) (quoting *J.M. Arthur & Co. v. Burke*, 83 Wn. 690, 693, 145 P. 974 (1915)); *Millay v. Cam*, 135 Wn.2d 193, 206, 955 P.2d 791 (1998) (discussing predicates for equitable tolling of statutory time limits).

Unlike in *Club Envy*, where it appears the amendments were fraudulently filed, no grounds for equitable tolling appear here. Bilanko purchased her condo with Barclay Court over a year *after* the amendment had been voted on by the unit owners, passed, and recorded. She was on constructive, if not actual, notice at the time of purchase that her condo unit

*Bilanko v. Barclay Court Owners Ass'n*, No. 91247-5

was subject to a leasing restriction.[7] Bilanko did not have to purchase a condo subject to a leasing restriction. As the Declaration does not impose any restraints on alienation, Bilanko is free to sell her unit at any time.

Accordingly, we hold that Bilanko's challenge to the amendment is time barred under RCW 64.34.264(2).[8]

CONCLUSION

We hold that Bilanko's challenge to the declaration amendment is barred by the one-year limitation under RCW 64.34.264(2). We reverse the trial court's summary judgment ruling in favor of Bilanko and remand the case back to the trial court for further proceedings consistent with our opinion.

---

[7] *Washington Practice* is instructive on this point: "Obviously the purchaser of a condominium unit should review in detail the existing use restrictions . . . . The investigation is an important one for the purchaser, but it is mainly a practical and personal, and not a legal, problem." 18 WILLIAM B. STOEBUCK AND JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE § 12.10, at 53 (2d ed. 2004).

[8] RCW 64.34.455 grants courts the discretion to award attorney fees to the "prevailing party." Barclay Court is the prevailing party, and we therefore award them reasonable attorney fees under RAP 18.1.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

González, J.

WE CONCUR:

Madsen, C.J.

Stephens, J.

Johnson, J.

Wiggins, J.

Owens, J.

Gordon McCloud, J.

Fairhurst, J.

Yu, J.